# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| SHANNON TYRONE CRAIG, | |
| Plaintiff, | No. 18-CV-103 CJW |
| vs. | |
| DAN CLARK and MARSHALL COUNTY SHERIFF'S DEPARTMENT, | |
| Defendants. | |

_____

This matter is before the Court pursuant to the plaintiff's pro se complaint (Doc. 1-1) and pro se motion to proceed in forma pauperis. (Doc. 1). In his complaint, plaintiff Shannon Craig alleges constitutional violations committed by Dan Clark, of First Call Bail Bonds in Nevada, Iowa, and the Marshall County, Iowa, Sheriff's Department.

The complaint is brought under 42 U.S.C. § 1983, and jurisdiction is predicated on 28 U.S.C. § 1343. The named defendants are all located in the Southern District of Iowa. (Both Story County, where Nevada, Iowa, is located, and Marshall County are in the Southern District of Iowa.). Although the complaint is not explicit regarding plaintiff's claims, he states defendants "stole my bond money," which indicates that the events giving rise to the complaint also occurred in Nevada, Iowa.[1] Accordingly, venue in this district is not proper. *See* 28 U.S.C. § 1391; *see also Setco Enters. Corp. v. Robbins*, 19 F.3d 1278, 1281 (8th Cir. 1994) ("[W]e ask whether the district the plaintiff chose had a substantial connection to the claim, whether or not other forums had greater contacts."); *Catipovic v. Turley*, 2012 WL 2089552, at *17–18 (N.D. Iowa 2012)

---

[1] The plaintiff is currently incarcerated in Minnesota.

(finding that to conduct the substantial contact inquiry, the court must: (1) consider the nature of plaintiffs' claims and the acts or omissions underlying those claims; and (2) determine whether substantial events or omissions material to those claims occurred in this district).

Venue is proper in the Southern District of Iowa because the defendants are located in that district and that is seemingly where a substantial portion of plaintiff's claims arose. *Id*. In the interest of justice, this case shall be transferred forthwith to the United States District Court for the Southern District of Iowa. *See* 28 U.S.C. § 1404(a); 28 U.S.C. § 1406(a). The clerk's office shall file the complaint without the prepayment of fees and costs for the purpose of transferring the case, retain a copy of the file and send the entire file to the Southern District in Des Moines, Iowa.

In this order, the Court expresses no opinion as to whether the complaint is frivolous within the meaning of 28 U.S.C. § 1915(e)(2) or 28 U.S.C. § 1915A(b), or whether plaintiff is entitled to in forma pauperis status.

**IT IS SO ORDERED** this 25th day of September, 2018.

_____
C.J. Williams
United States District Judge
Northern District of Iowa